[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 23, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-10054
Non-Argument Calendar

_____

D. C. Docket No. 04-00137-CV-WLS-1

ROBERT LEE WASHINGTON, SR.,

Plaintiff-Appellant,

versus

VETERANS OF FOREIGN WARS OF THE UNITED STATES,
VETERANS OF FOREIGN WARS BARR-ALLEN
POST #2785 INC,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(August 23, 2006)**

Before DUBINA, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

Robert Lee Washington, Sr., proceeding pro se, appeals the district court's dismissal of his complaint alleging racial discrimination under Titles VI and VII of the Civil Rights Act of 1964 and under the Fourteenth Amendment to the United States Constitution.

I. Background

Washington, an African-American member of Post #2785 ("Post 2785") of the Veterans of Foreign Wars ("VFW"), filed a complaint against Post 2785 and the national VFW, alleging that Post 2785 and the national VFW unlawfully discriminated against him by: (1) telling him to move his car in the parking lot three times; (2) not permitting him to "work bingo"; (3) removing him from a VFW meeting for speaking to the chairman; and (4) ignoring him when he raised his hand to ask questions during the meeting.

At the district court's direction, Washington amended his complaint, reasserting the allegations in his prior complaint, admitting that he was not an employee of Post 2785 or the national VFW, and explaining that he had contacted the EEOC in an attempt to exhaust his administrative remedies but that the EEOC had refused involvement.

Both Post 2785 and the national VFW filed motions to dismiss, and the district court dismissed Washington's complaint, finding that (1) Washington was

not an employee for purposes of Title VII, (2) the VFW was not a federally funded entity under Title VI; and (3) there was no state action, as required for liability pursuant to 42 U.S.C. § 1983.

Washington objected to the court's order of dismissal, arguing that, although he may have cited the wrong statutes, he was discriminated against and is entitled to his day in court. The court construed Washington's objection as a motion to reconsider and denied that motion.[1]

II. Discussion

Washington argues that the district court erred because he has not been given an opportunity to present his claims and because the disparate actions of the two law firms representing the defendants confused him. He notes that his pro se status requires that he be held to a less rigid standard.

"We review de novo a district court's dismissal under Rule 12(b)(6) for failure to state a claim, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." Behrens v. Regier, 422 F.3d 1255, 1259 (11th Cir. 2005) (internal quotation marks and citation omitted).

Here, the district court properly dismissed Washington's complaint because, even liberally construing his allegations, we conclude that Washington failed to

---

[1] The national VFW opposed reconsideration, arguing that Washington's motion was untimely and was not based on new evidence or an error in law or fact.

state a claim upon which relief could be granted. First, Washington's Title VII claim fails because, as he concedes, he is not an employee of either Post 2785 or the national VFW. Only an employee may bring suit pursuant to Title VII. 42 U.S.C. § 2000e-2(a); Llampallas v. Mini-Circuits, Inc., 163 F.3d 1236, 1242-43 (11th Cir. 1998).

Second, neither Post 2785 nor the national VFW is a federally funded entity. Title VI "prohibits discrimination only by recipients of federal funding." Shotz v. City of Plantation, 344 F.3d 1161, 1169-70 (11th Cir. 2003); see also 42 U.S.C. § 2000d. As Washington has not alleged that Post 2785 or the national VFW receive federal funding, neither can be liable under Title VI.

Finally, to establish a claim for a constitutional violation under 42 U.S.C. § 1983, Washington must establish (1) a violation of a constitutional right and (2) that the alleged violation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Here, none of the parties were state actors. A private party will be considered a state actor only where one of the following conditions is met: (1) the state has coerced or at least significantly encouraged the action alleged to have violated the Constitution; (2) the private parties performed a public function that was traditionally the exclusive prerogative of the state; or (3) the state had so far insinuated itself into a position of

interdependence with the private parties that it was a joint participant in the enterprise. <u>Rayburn ex rel. Rayburn v. Hogue</u>, 241 F.3d 1341, 1347 (11th Cir. 2001). As Washington has failed to allege any of the foregoing conditions, the district court properly dismissed his constitutional claim.

For the foregoing reasons, we AFFIRM the district court's order dismissing the complaint.

AFFIRMED.